UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4689 PA (VBKx) | | Date | August 27, 2012 |
|---|---|---|---|---|
| Title | Light Petroleum, Inc., et al. v. ExxonMobil Oil Corp., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before this Court is a Second Amended Complaint ("SAC") filed by over one hundred gas station operators ("Plaintiffs") against defendants ExxonMobil Oil Corporation, ExxonMobil Corporation, Circle K Stores, Inc., and Does 1-100 (collectively, "Defendants"), asserting two causes of action under the California Business and Professions Code.

The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Parties cannot agree to nor can they "waive" a lack of such jurisdiction. Id. at 966–67. Courts may consider the issue sua sponte. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alsask Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). To establish citizenship for diversity purposes, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4689 PA (VBKx) | Date | August 27, 2012 |
|---|---|---|---|
| Title | Light Petroleum, Inc., et al. v. ExxonMobil Oil Corp., et al. | | |

natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Court dismissed the original Complaint with leave to amend because it affirmatively allege a basis for federal subject matter jurisdiction.  Plaintiffs then filed a First Amended Complaint, followed soon thereafter by the SAC.  Although the SAC does allege a basis for federal subject matter jurisdiction – that is, diversity of citizenship – the SAC fails to properly support that allegation, particularly with respect to those plaintiffs that are LLCs.  Specifically, the SAC alleges generally that all the Plaintiffs are citizens of California.  (See FAC ¶ 7.)  The SAC, however, does not allege the identities of the members of the LLCs or any jurisdictional facts about the members of the LLCs except that they are citizens of California.  Such conclusory allegations, which do not provide any affirmative information about the LLCs, fail to meet Plaintiffs' burden to establish the Court's subject matter jurisdiction.

Despite Plaintiffs' failure to adequately allege the Court's diversity jurisdiction, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiffs leave to amend the SAC to attempt to establish federal subject matter jurisdiction.  Plaintiffs' Third Amended Complaint, if any, is to be filed by September 14, 2012.  The failure to file a Third Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

The Court also notes its deep skepticism that the one hundred plaintiffs in this action are properly joined under Federal Rule of Civil Procedure 20(a)(2).  Although some factual similarities in the plaintiffs' claims exist, significant factual and legal disparities are likely to be present regarding the valuation of each plaintiff's damages and the precise terms of each offer presented to each individual plaintiff, making the present structure of this action unmanageable.  Such a case may in fact be more appropriate for consolidation pursuant to Federal Rule of Civil Procedure 42, or even class treatment of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4689 PA (VBKx) | Date | August 27, 2012 |
|---|---|---|---|
| Title | Light Petroleum, Inc., et al. v. ExxonMobil Oil Corp., et al. | | |

Defendants' liability.  Should Plaintiffs file a Third Amended Complaint and decide to maintain the present structure of this action, Plaintiffs are ordered to show cause in writing, **no later than 14 days after the (optional) filing of the Third Amended Complaint**, why one or more parties should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21.  A failure to file a response (or adequately support that response) may result in the Court dropping all but the first-named plaintiff from this action.

    IT IS SO ORDERED.