**NOTE: Changes Made by the Court**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| *In re*: EXXONMOBIL OIL CORPORATION, *et al.*, SOUTHERN CALIFORNIA BULK SALE LITIGATION | Case No. 12-CV-04689-PA (VBKx) **ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER** **DISCOVERY MATTER** Magistrate Judge:   Victor B. Kenton Courtroom:   Courtroom 590 Complaint Filed:   June 21, 2012 Trial Date:   July 23, 2013 |

Pursuant to the parties' Joint Stipulation for Protective Order, **the Court hereby orders as follows:**

1. As used herein, "Confidential Information" of any party disclosing information (the "Supplying Party") shall mean any and all information listed on Exhibit B hereto. Any other types of information or documents may be designated "Confidential" only with approval of the Court.

2. Any party may designate as Confidential Information any information listed on Exhibit B and considered by such party ("Designating Party") to be confidential and/or proprietary as provided in Paragraph 3 below.

3. Any Confidential Information supplied in written or graphical form shall be labeled by the Designating Party either "Confidential" or "Confidential - Attorneys Only." Any Confidential Information supplied in electronic form shall be accompanied by a document from the Designating Party identifying such information to be either "Confidential" or "Confidential – Attorneys Only."

    a. The Designating Party may label Confidential Information as "Confidential" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations or privacy of such party or any third party, and if the Confidential Information is listed in Section 1 of Exhibit B.

    b. The Designating Party may label Confidential Information as "Confidential - Attorneys Only" only if, in the good faith belief of such party, the disclosure of such information to any person or entity other than those specified in Paragraph 6(b) of this Stipulated Protective Order would cause harm to the business and/or operations and/or reputation of such party or any third party, and if the Confidential Information is listed in Section 2 of Exhibit B.

4. In addition, a Designating Party may designate documents as "Confidential - for use only in litigation action *Light Petroleum, et al. v. ExxonMobil Oil Corporation,* CV12-04689-PA (VBKx)" ("Confidential- Litigation Information") if the documents contain information listed in Section 3 of Exhibit B. For each party other than the Designating Party, access to Confidential - Litigation Information shall

1  be for the sole limited purpose of trial or preparation for trial of the above-noted
2  action; however, these documents need not be filed under seal.
3      5.    With respect to the examination of witnesses upon oral deposition, when
4  Confidential Information is supplied and/or when the deponent's testimony contains,
5  reflects or relates in any way to Confidential Information, the reporter will be
6  informed of this Stipulated Protective Order by the party seeking confidentiality and
7  will be required to operate in a manner consistent therewith.  The reporter shall place
8  on the cover of any deposition transcript which contains any Confidential Information
9  the words "Contains Confidential Information" and must bear the legend
10 "Confidential" or "Confidential – Attorneys Only" as appropriate.  Counsel for the
11 respective parties shall take appropriate steps to prevent any portions of any
12 deposition transcript designated "Confidential" or "Confidential - Attorneys Only"
13 from being disclosed to any person except as provided in this Stipulated Protective
14 Order.

        a.    Each Designating Party shall provide the other parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the party has designated as "Confidential" and/or "Confidential - Attorneys Only."  Unless the Parties otherwise agree, such list shall be provided to the other parties within fifteen business days after counsel for the respective parties receives a copy of any deposition transcript and the deponent has either corrected and signed the transcript or the time has lapsed for the deponent to make changes to the transcript.

        b.    The original or any copy of any deposition transcript, which contains Confidential Information and is labeled "Confidential" or "Confidential- Attorneys Only" must not be filed unless it can be

accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All Confidential Information disclosed by a Supplying Party to a Receiving Party shall be received by such Receiving Party in confidence, shall be used by such Receiving Party solely in connection with the trial or preparation for trial of the above-noted action, shall be treated by it in the same manner with which it treats its own information which it deems to be confidential and proprietary, and shall not be disclosed, directly or indirectly, to any person except as provided in this paragraph.

    a. In the case of a "Confidential" designation, for each party other than the Designating Party, access to such information shall be limited to:

        (1) the party receiving the information;

        (2) counsel for the party whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm) and in-house counsel for the party;

        (3) persons engaged by the party's attorney to furnish expert and litigation support services;

        (4) directors, officers, agents, and employees of the party to whom the Receiving Party believes, in good faith, it is necessary that the materials be shown solely for purposes of this legal action;

        (5) pursuant to the restrictions set forth in Paragraphs 5, 8 and 11 of this Stipulated Protective Order, deponents in this legal action incident to their depositions;

        (6) pursuant to the restrictions set forth in Paragraphs 8 and 9 of this Stipulated Protective Order, officers of the Court,

      witnesses in any legal proceeding in this action for which it is relevant, and members of the jury; and

  (7) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial of the above-noted action.

 b. In the case of a "Confidential - Attorneys Only" designation, for each party other than the Designating Party, access to such information shall be limited to:

  (1) counsel for the party whether or not counsel of record in this proceeding (including members and employees of such counsel's law firm) and in-house counsel for the party;

  (2) persons engaged by the party's attorney to furnish expert and litigation support services in this action, but not including the party receiving the information, or any director, officer, agent or employee of the party;

  (3) pursuant to the restrictions set forth in Paragraphs 8 and 9 of this Stipulated Protective Order, officers of the Court, members of the jury; and

  (4) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

  (5) a deponent, if said deponent is the drafter of the documents or an employee of the producing party.

Said access shall be for the sole limited purpose of trial or preparation for trial of the above-noted action. Except for the Designating Party, no party to this action or any director, officer, employee or agent of such

- 5 - Case No. 12-CV-04689-PA (VBKx)
ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER

1         party (other than counsel) shall have access to Confidential Information
2         which is designated "Confidential - Attorneys Only."

3     7.     A designation of confidentiality pursuant to this Stipulated Protective
4 Order shall be effective and shall be respected by the Parties and all persons in any
5 way involved in these proceedings or to whose attention the aforesaid material or
6 information shall come unless and until otherwise ordered by the Court or stipulated
7 by all Parties to this action.  These obligations of confidentiality and non-disclosure
8 shall survive for five years after the conclusion of this action.

9     8.     Confidential Information held by a party may be disclosed to persons as
10 provided in Paragraph 6(a), provided that prior to such disclosure such person to
11 whom disclosure of Confidential Information is to be made shall acknowledge and
12 confirm in the form of a Declaration, in the form of **Exhibit A** hereto, that he or she
13 has read this Stipulated Protective Order and agrees to comply with its terms.
14 However, officers of the Court, the jury, and all individuals described in Paragraph
15 6(a)(2) will be exempt from the requirement to execute Exhibit A.  Although this
16 Protective Order does not require the individuals described in Paragraph 6(a)(2) to
17 execute Exhibit A, they will be considered bound by the Protective Order pursuant to
18 counsel's execution of this Stipulated Protective Order.  Confidential Information
19 designated by a party as "Confidential" may be disclosed by any other party to a
20 deponent during the deponent's deposition provided that the deponent has been
21 informed of this Stipulated Protective Order and executes a Declaration, in the form of
22 Exhibit A hereto, that he or she has read this Stipulated Protective Order and agrees to
23 comply with its terms.  The attorneys for the respective Parties shall maintain a file of
24 such Declarations, and shall furnish to the requesting attorney a list of the executing
25 individuals (excluding the names of experts and consultants whose names have not
26 been disclosed in the litigation to date and their employees) within twenty (20) days of
27 receipt of a written request.
28

Confidential Information designated by a party as "Confidential - Attorneys Only" may not be disclosed to a deponent unless he or she is a person qualified to have access to such information pursuant to Paragraph 6(b) of this Stipulated Protective Order, the Parties otherwise agree, or the Court, for good cause shown, otherwise orders.  If Confidential Information designated as "Confidential - Attorneys Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive information or documents, or any things designated as "Confidential - Attorneys Only."

9.   Nothing herein shall prohibit a party, or its counsel, from disclosing a document which constitutes Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document.

10.   Before any materials designated as Confidential or Confidential-Attorneys Only are filed with the Court <u>for any purpose</u>, the party seeking to file such material must seek permission of the Court to file the material under seal pursuant to Central District of California Local Rule 79-5. Subject to public policy, further Court order and the Local Rules of the United States District Court for the Central District of California, nothing shall be filed with the Court under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after written application by the affected party with appropriate notice to opposing counsel and utilization of the filing procedures set forth in Local Civil Rule 79-5.1.  If one party wishes to file or lodge documents under seal, the other party shall not unreasonably withhold agreement to such procedure.  If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal.  If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

11. In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses Confidential Information ("Confidential Testimony") shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information, or to the Court under seal. Any party filing Confidential Information or Confidential Testimony with the Court shall indicate to the Court on filing what portion(s) thereof are subject to this Stipulated Protective Order, and that the pretrial presentation of such Confidential Information or Confidential Testimony shall be filed under seal. All such Confidential Information and transcripts of Confidential Testimony shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

12. The Parties, their officers, agents and employees, and their attorneys, shall be responsible to see that the purpose and effect of this Stipulated Protective Order is achieved.

13. This Stipulated Protective Order may be modified by further order of this Court or by agreement of counsel for the Parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

14. Within ninety (90) days following the termination of this action (including any appeals), all Confidential Information designated as such by the Designating Party shall be returned to the Supplying Party or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Supplying Party, shall be destroyed, except that Counsel for each party may retain any attorney work product that contains Confidential Information.

Upon request, Counsel of record for each party shall attest to compliance with the terms of this Paragraph 14 in an affidavit or declaration served on each other party within the 90-day period.

15. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

16. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

17. At any stage of the proceedings, any of the Parties may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within ten (10) days of receipt of such a notice of objections, the Designating Party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has otherwise been resolved.

18. The attorneys of record are responsible for employing reasonable measures consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any stamped confidential document except for producing working copies and for filing in court under seal.

19. The following provisions shall apply to inadvertent disclosures:

      a.      The inadvertent, unintentional or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.

      b.      If a Supplying Party realizes that it has inadvertently produced material it considers confidential without so marking it, it may notify the Receiving Party of the mistake. Upon receiving such notice, the Receiving Party will treat such material and the information contained therein as Confidential or Confidential – Attorneys Only hereunder depending upon the Supplying Party's instructions, and shall promptly either so mark such material or shall return the material, uncopied, to the Supplying Party, who shall then promptly mark the material as Confidential or Confidential – Attorneys Only and again deliver it to the Receiving Party.

      c.      The procedure set forth in sub-paragraph 19b, above, is in furtherance of and not in limitation of the provisions of sub-paragraph 19a. A Supplying Party's failure to follow the procedure set forth in sub-paragraph 19b shall not constitute a waiver of such party's claim of confidentiality as to any material or information.

20.    If another court or administrative agency subpoenas or orders production of Confidential or Attorneys' Eyes Only Information that a party has obtained under the terms of this Protective Order, such party shall, if there are fewer than ten (10)

days to comply, within two (2) days, if possible, or immediately, if not, or if there are more than ten (10) days to comply, at least seven (7) court days prior to the due date for compliance, notify the Designating Party of the pendency of the subpoena, public records request, or order, in writing, and shall not produce the designated information until the Designating Party has taken appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

21. By entering into this Stipulated Protective Order, neither party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

22. The Parties and all signatories to the certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to facilitate the production of Confidential Information under the terms herein.

**IT IS SO ORDERED. Note: The Court has amended paragraph 1.**

Dated:    December 21, 2012                _____/s/_____
                                           Hon. Victor B. Kenton
                                           United States Magistrate Judge

**EXHIBIT A**

I, _____, of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on _____ in the case of *In re: ExxonMobil Oil Corporation, et al., Southern California Bulk Sale Litigation*, Case No. CV12-04689-PA (VBKx).  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and understand and acknowledge that failure to comply could expose me to sanctions and/or punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms of this Stipulated Protective Order for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed this ___ day of _____, 20__, at _____ _____ [place].

Signature:_____

Name:_____

Address:_____

 Party requesting that the above-signed person have access to "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

- 12 -   Case No.  12-CV-04689-PA (VBKx)
ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER

# EXHIBIT B

The Stipulated Protective Order issued by the Court in the case of *In re: ExxonMobil Oil Corporation, et al., Southern California Bulk Sale Litigation*, Case No. CV12-04689-PA (VBKx) shall apply to oral, written, graphical and/or electronic information disclosed to another party hereto (the "Receiving Party"), including, but not limited to, documents disclosed as part of the disclosure process and/or disclosed as responses to discovery requests, including but not limited to, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, trial testimony, transcripts of trial testimony and depositions, which falls within the following categories:

1. Confidential:
   - Third-Party Appraiser Work Papers
   - EMOC/EMC Sale and Purchase Agreements Entered into by third parties
   - Supply, Pricing, and Incentive Agreements
2. Confidential - Attorneys' Eyes Only:
   - EMOC/EMC/Circle K Sale and Purchase Agreement
3. Confidential - Litigation Information:
   - Third-Party Appraisals
   - Asset Ledgers